IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOREATECH CO. LTD.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>Defendants. | Case No. 25-cv-12201<br><br>**Judge Matthew F. Kennelly** |

**SEALED EX PARTE TEMPORARY RESTRAINING ORDER**

THIS CAUSE being before the Court on Plaintiff KOREATECH Co. Ltd.'s ("Plaintiff") *Ex Parte* Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery, and Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) (the "Motions") against the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (the "Seller Aliases"), and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motions in their entirety.

This Court further finds that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars,

---

[1] The e-commerce store urls are listed on Schedule A hereto under the Online Marketplaces.

1

and/or funds from U.S. bank accounts, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks (the "KOREATECH Trademarks") (a list of which is included in the chart below) to residents of Illinois.

| Registration No. | Registered Trademark |
|---|---|
| 6887747 | KAHI |
| 7349593 | K A H I 가히 |
| 7349574 | KAHI 가히 |
| 7070493 | KAHI / KAHI |
| 7718093 | AvanJeune |
| 7773000 | BATTCHO |
| 7877275 | BLUQUATICA |
| 7628729 | CAVIFILLEN |
| 7781402 | CHILIFLI |
| 7718094 | Demque |
| 7877282 | EARLALA |
| 6756377 | easy (logo) |
| 7628780 | easy claire |
| 7628748 | easy K |

| | |
|---|---|
| 7773003 | eonuleu |
| 5830530 | factorial |
| 7877283 | FIKISUN |
| 7628809 | HEARTRING |
| 7628852 | KFILLEN |
| 7781389 | LAMB23 |
| 7877278 | MARISFERA |
| 7718076 | melogram |
| 7718035 | NatuéSans |
| 7877279 | NAUTIVIE |
| 7781388 | onmure |
| 7781391 | ourmur |
| 7781403 | SYRMELL |
| 7718077 | TINTEASE |
| 7718095 | TONFLOW |
| 7877272 | VAVATA |
| 7781387 | vividique |
| 7781390 | WIROEL |
| 7846604 | yless |
| 7349346 | ךרδן |



This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declaration of Lee Dongyol [17], and the Declaration of Justin R. Gaudio [16], in support of the Motion for Temporary Restraining Order and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts. As other courts have recognized, proceedings against those who deliberately traffic in counterfeit merchandise are often useless if notice is given to the adverse party. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:

    a. using the KOREATECH Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff Product or not authorized by Plaintiff to be sold in connection with the KOREATECH Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff Product or any other product produced by Plaintiff, that is not Plaintiff's or

       not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the KOREATECH Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing the KOREATECH Trademarks and damaging Plaintiff's goodwill; and

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the KOREATECH Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the Online Marketplaces, including, without limitation, any online marketplace platforms such as PayPal, Inc. ("PayPal"), eBay, Inc. ("eBay"), WhaleCo Inc. ("Temu") and Walmart, Inc. ("Walmart") (collectively, the "Third Party Providers") shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

   a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

      b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces; and

      c. any financial accounts owned or controlled by Defendants, including their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal,, eBay, Temu, Walmart or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Plaintiff's request, those with notice of the injunction, including the Third Party Providers as defined in Paragraph 2, shall, within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the KOREATECH Trademarks.

4. Defendants shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. Any Third Party Providers, including PayPal, eBay, Temu and Walmart, shall, within seven (7) calendar days of receipt of this Order:

      a. locate all accounts and funds connected to Defendants and the Seller Aliases Online Marketplaces, including, but not limited to, any financial accounts connected to the

        information listed in Schedule A hereto, the e-mail addresses identified in Exhibits to the Declaration of Lee Dongyol, and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Plaintiff is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34 and 36, related to:

    a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces.

Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendants shall respond to any such discovery requests within three (3) business days of being served via e-mail.

7. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and by sending an e-mail with an attachment of the

relevant documents and a link to said website to an e-mail address for each Defendant. The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Schedule A to the Complaint [3], Exhibit 2 to the Complaint, Seller Aliases screenshots attached to the Declaration of Lee Dongyol [18], and this Order shall remain sealed until further ordered by this Court.

9. Plaintiff shall deposit with the Court ten thousand dollars ($10,000), either cash or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules.

11. This Temporary Restraining Order without notice is entered at 9:30 A.M. on this 16th day of October, 2025 and shall remain in effect for fourteen (14) days.

_____
Matthew F. Kennelly
United States District Judge

**KOREATECH Co. Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A" - Case No. 25-cv-12201**

# Schedule A

| | Defendant Online Marketplaces | |
|---|---|---|
| No | URL | Name / Seller Alias |
| 1 | ebay.com/usr/benjami1in | benjami1in |
| 2 | ebay.com/usr/cenrarop | cenrarop |
| 3 | ebay.com/usr/conscientiou | conscientiou |
| 4 | ebay.com/usr/fashionaccessoryhub | fashionaccessoryhub |
| 5 | ebay.com/usr/jakirace | jakirace |
| 6 | ebay.com/usr/modernhomedesignn | modernhomedesignn |
| 7 | temu.com/m-5817810150857.html | blossom LUN |
| 8 | temu.com/m-634418220225839.html | Charming watermelon |
| 9 | temu.com/m-634418223617314.html | DUOERQUAN |
| 10 | temu.com/m-634418224803824.html | PrimePicks shop |
| 11 | temu.com/m-634418220226487.html | Red maple leaf LUN |
| 12 | temu.com/m-634418220604418.html | Sunshine Benefit Group |
| 13 | temu.com/m-634418220576892.html | XINLaimei |
| 14 | temu.com/m-634418216912061.html | yanyankeji local |
| 15 | walmart.com/seller/102853073 | Btiyuxihu |
| 16 | walmart.com/seller/102890763 | BudgetBrite Store |
| 17 | walmart.com/seller/101685456 | Facialcream |
| 18 | walmart.com/seller/102770209 | Fish Fish go go |
| 19 | walmart.com/seller/102517834 | Jingweua |
| 20 | walmart.com/seller/102875052 | LIUggjjun |
| 21 | walmart.com/seller/102856134 | liushenwshangmao |
| 22 | walmart.com/seller/102762224 | liweijia |
| 23 | walmart.com/seller/102724655 | LLiuHY |
| 24 | walmart.com/seller/102776653 | luoYQQ |
| 25 | walmart.com/seller/102816297 | made in China |
| 26 | walmart.com/seller/102836648 | PennyWise Emporium |
| 27 | walmart.com/seller/102868549 | qianzrshangmao |
| 28 | walmart.com/seller/102890974 | QuickDeals Mart |
| 29 | walmart.com/seller/102875618 | SavvyMart Depot |
| 30 | walmart.com/seller/102846956 | SmartShop Outlet |
| 31 | walmart.com/seller/101684475 | Somora Linens |
| 32 | walmart.com/seller/102862267 | Taohuayudianzi |
| 33 | walmart.com/seller/102890977 | ValueVillage Hub |
| 34 | walmart.com/seller/102479595 | WEIJUUN |

| 35 | walmart.com/seller/102782029 | xuaiyswa |
| 36 | walmart.com/seller/102819455 | yong3 |