IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOREATECH CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> BENJAMI1IN, et al. <br><br> Defendants. | Case No. 25-cv-12201 <br><br> **Judge Matthew F. Kennelly** <br><br> **Magistrate Judge Heather K. McShain** |

**AGREED MOTION FOR ENTRY OF A CONSENT JUDGMENT
AS TO DEFENDANT NOS. 24 AND 35**

Plaintiff KOREATECH Co. Ltd. ("Plaintiff") moves this Honorable Court for Entry of a Consent Judgment as to Defendants luoYQQ (No. 24) and xuaiyswa (No. 35) (collectively, "Defendants"). In support of this Motion, Plaintiff states as follows:

Defendants are sellers on the Walmart.com platform that is operated by Walmart, Inc. ("Walmart"). The settlement agreement between Plaintiff and Defendants (together, the "Parties") requires Walmart to transfer the settlement amount from the funds held in Defendants' Walmart accounts to Plaintiff. However, Walmart will not transfer the funds without a Court Order. Thus, if the Court does not grant the Motion, the Parties will be unable to execute the terms of their agreement, and the lawsuit will continue as to Defendants.

**STATEMENT OF FACTS**

On October 6, 2025, Plaintiff filed a complaint based on trademark infringement, counterfeiting, and false designation of origin against, among others, Defendants. [1]. Plaintiff is the owner of numerous trademarks (collectively, the "KOREATECH Trademarks"). *Id.* at ¶¶ 9-10. Defendants are sellers on Walmart's online marketplace, that offered for sale and sold

unauthorized and unlicensed products using infringing and counterfeit versions of the federally registered KOREATECH Trademarks. *See* [2] at pp. 84-87, 126-129.

The Parties initiated settlement discussions and subsequently reached an agreement. Specifically, the Parties agreed that Defendants would cease all further infringing activity and pay to Plaintiff a total of ten thousand and six hundred dollars ($10,600) from Defendants' Walmart accounts for infringing the KOREATECH Trademarks. The Parties also agreed that Plaintiff would dismiss Defendants from this action upon receipt of the payment. The proposed Consent Judgment accurately reflects the Parties' settlement agreement.

## ARGUMENT

**I. PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT APPROVE THE PROPOSED CONSENT JUDGMENT**

**A. Standard for Approval of a Proposed Consent Judgment**

A consent judgment is a court order which embodies terms agreed upon by the parties as a compromise to litigation. *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). It is essentially a judicially approved contract, for purposes of construction. *Id*. While maintaining all of the prestige of a judicial ruling, "it is the parties' agreement that serves as the source of the court's authority to enter any judgment at all." *Id*. (quoting, *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 522 (1986)). Moreover, it is the parties' agreement which creates obligations embodied in the consent judgment, rather "than the force of the law upon which the complaint was originally based." *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C.*, 478 U.S. at 522.

A district court should enter a proposed consent judgment if it "(1) spring[s] from and serve[s] to resolve a dispute within the court's subject matter jurisdiction; (2) come[s] within the general scope of the case made by the pleadings; and (3) further[s] the objectives of the law upon

which the complaint was based." *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't*, 924 F.3d 375, 383 (7th Cir. 2019). Courts give great deference to the settling parties when reviewing a proposed consent judgment, as this promotes the "particularly strong" public policy of encouraging settlement. *See Acosta v. Bratcher*, 343 F. Supp. 3d 108, 111–12 (W.D.N.Y. 2018) (discussing its deferential standard of review when deciding whether to approve a consent judgment).

To be sure, the court is not a mere "rubber stamp," obligated to accept and enforce any terms to which the parties agree. *N.L.R.B. v. Brooke Industries Inc.*, 867 F.2d 434, 435 (7th Cir. 1989). However, the reviewing court is not to substitute its judgment for the parties'; the court must merely assure itself that the terms are not unfair, unlawful, unreasonable, or in contravention to public policy. *Lopez-Aguilar*, 924 F.3d at 383; *Acosta*, 343 F. Supp. at 112. Absent a substantial showing in the record that the proposed consent judgment falls short of the above requirement, the district court is required to enter the order. *Acosta*, 343 F. Supp. at 112; 49 C.J.S. Judgments § 230 ("Within limitations imposed by positive requirements of law, any disposition of a pending action, not illegal, may be fairly agreed to by the parties, and when so agreed, it is the duty of the court to permit such disposition and to enter judgment accordingly, which judgment will be given effect between the parties and their privies[.] Absent fraud or lack of consent, a trial court generally must approve an agreed or consent judgment."); 10 Cyc. of Federal Proc. § 35:71 (3d ed.). Further, just as a consent judgment is not a judicial determination of any litigated rights (49 C.J.S. Judgments § 229), a federal court is not barred from entering a consent judgment even if the decree provides for broader relief than the court would have awarded after a full trial on the merits. *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C.*, 478 U.S. at 522.

### B. The Proposed Consent Judgment Meets the Standard for Approval

The proposed Consent Judgment "(1) spring[s] from and serve[s] to resolve a dispute within the court's subject matter jurisdiction; (2) come[s] within the general scope of the case made by the pleadings; and (3) further[s] the objectives of the law upon which the complaint was based." *Lopez-Aguilar*, 924 F.3d at 383. Further, the order is fair and reasonable, supported by public policy, and the express wishes of the Parties. Thus, the proposed Consent Judgment should be entered.

The proposed Consent Judgment springs from and serves to resolve a dispute within the Court's subject matter jurisdiction. This court has original subject matter jurisdiction pursuant to the to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a)-(b). The proposed Consent Judgment enjoins Defendants from infringing the KOREATECH Trademarks and the Court has jurisdiction to grant this relief. Proposed Consent Judgment at ¶ 1. This Court would retain subject matter jurisdiction over this matter for at least one hundred eighty (180) days after the Order is entered (Proposed Consent Judgment at ¶ 5), which is sufficient time to be sure the matter is fully resolved. *See Blue Cross and Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006); *Shapo v. Engle*, 463 F.3d 641, 646 (7th Cir. 2006). Once the terms of the proposed Consent Judgment are fully executed, the dismissal with leave converts to a dismissal with prejudice, and the case is terminated—*i.e.*, the dispute is resolved. Proposed Consent Judgment at ¶ 5. Thus, the proposed Consent Judgment springs from and serves to resolve a dispute within the Court's subject matter jurisdiction.

The proposed Consent Judgment is squarely within the general scope of the pleadings. The Complaint alleges claims of trademark infringement, counterfeiting, and false designation of origin, and the requested relief is both injunctive and monetary. [1]. The proposed Consent

Judgment states, in part, that the Parties have resolved all claims "arising from the allegations in the Complaint[,]" and Defendants are enjoined from infringing Plaintiff's federally registered intellectual property. Proposed Consent Judgment at ¶ 1. Thus, the proposed Consent Judgment is within the general scope of the pleadings.

Finally, the proposed Consent Judgment furthers the objectives of trademark law. The Lanham Act provides for remedies to rights owners whose intellectual property has been infringed. *See*, *e.g.*, 15 U.S.C §§ 1114, 1117. The proposed Consent Judgment furthers these objectives.

None of the terms in the proposed Consent Judgement, or the negotiations which preceded its drafting, are unfair, unreasonable, illegal, or in contravention of public policy. The Order's terms were mutually reached by the Parties, all of which are represented by counsel.

## CONCLUSION

Given the proposed Consent Judgment meets the requirements for approval, Plaintiff respectfully requests that the Court grant the Motion for Entry of Consent Judgment as to Defendants.

Dated this 18th day of November 2025.     Respectfully submitted,

/s/ Luana Faria de Souza  
Amy C. Ziegler  
Justin R. Gaudio  
Luana Faria de Souza  
Rachel M. Ackerman  
Greer, Burns & Crain, Ltd.  
200 West Madison Street, Suite 2100  
Chicago, Illinois 60606  
312.360.0080  
312.360.9315 (facsimile)  
aziegler@gbc.law  
jgaudio@gbc.law  
lfaria@gbc.law  
rackerman@gbc.law  

*Counsel for Plaintiff KOREATECH Co. Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of November 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to the e-mail addresses identified in **Exhibit A** hereto that includes a link to said website.

/s/ Luana Faria de Souza
Amy C. Ziegler
Justin R. Gaudio
Luana Faria de Souza
Rachel M. Ackerman
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
lfaria@gbc.law
rackerman@gbc.law

*Counsel for Plaintiff KOREATECH Co. Ltd.*